**Electronically Filed
Supreme Court
SCAD-15-0000930
30-MAR-2016
09:36 AM**

SCAD-15-0000930

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

ROBIN HORNER,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case Nos. 13-054-9124, 13-055-9125, 13-058-9128,
13-059-9129, 13-060-9130, 13-061-9131, and 14-038-9181)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, submitted to this court on December 10, 2015, for the imposition of, *inter alia*, a six-month suspension upon Respondent Robin Horner, and upon a review of the record, this court adopts the Findings of Fact as articulated by the Hearing Officer and amended by the Board in its report to this court. Furthermore, upon a review of the record, including the exhibits submitted by the Disciplinary Board, we find and conclude the following by

clear and convincing evidence:

In Office of Disciplinary Counsel (ODC) Case No. 13-054-9124, Respondent Horner charged a $2,400.00 non-refundable fee and deposited at least $1,000.00 of those received funds directly into his business account, in violation of Rule 1.15(d) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994).[1] Respondent Horner also failed to maintain a subsidiary ledger for the those funds, in violation of HRPC Rules 1.15(f)(3) and 1.15(g), and did not timely respond to ODC's requests for information regarding the representation, or provide ODC with all of the financial records requested, in violation of HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 13-055-9125, Respondent Horner charged the client a non-refundable fee and deposited the resulting $2,400.00 payment directly into his business account, in violation of HRPC Rule 1.15(d), did not maintain a subsidiary ledger for the client's funds, in violation of HRPC Rule 1.15(f)(3) and 1.15(g), and did not timely respond to ODC's requests for information regarding the representation, or provide ODC with all of the financial records requested, in violation of HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 13-058-9128, Respondent Horner charged

---

[1] All references to the HRPC are to the version in effect prior to January 1, 2014.

2

the client a non-refundable fee and deposited the client's payment of $1,000.00 toward that fee directly into his business account, in violation of HRPC Rule 1.15(d), failed to maintain the required financial records regarding those funds, in violation of HRPC Rules 1.15(f)(3) and 1.15(g), and failed to timely respond to inquiries from ODC regarding the representation, or to provide the financial information contained therein, in violation of HRPC Rules 8.1(b) and 8.4(d).

In ODC Case Nos. 13-059-9129 and 13-060-9130, in the appeal to the Intermediate Court of Appeals (ICA), Respondent Horner failed to obey the requirements of Rule 32.1 of the Hawaiʻi Rules of Appellate Procedure (HRAP) by providing paper copies of the opening brief within one business day of filing it, thereby violating HRPC Rules 3.2 and 3.4(e). Respondent Horner also failed to respond to the ICA's July 12, 2013 order to show cause as to why he should not be sanctioned for that failure and also failed to timely pay a $100.00 sanction imposed on September 12, 2013, representing two additional violations of HRPC Rule 3.4(e).

In ODC Case No. 13-061-9131, Respondent Horner failed to provide the court with paper copies of the opening brief within one day of filing it, as required by HRAP Rule 32.1, and failed again to provide the copies when ordered to do so by the ICA on May 23, 2013, representing two separate violations of both

3

HRPC Rules 3.2 and 3.4(e);

In ODC Case No. 14-038-9181, Respondent Horner failed to provide the court with paper copies of the opening brief within one day of filing it, as required by HRAP Rule 32.1, thereby violating HRPC Rules 3.2 and 3.4(e), and then failed to respond to the ICA's May 12, 2014 order to show cause, failed to timely pay the $100.00 sanction imposed on June 9, 2014, and failed to timely pay the additional $150.00 sanction imposed on June 27, 2014, representing three additional violations of HRPC Rule 3.4(e).

In aggravation, we find Respondent Horner has substantial experience in the practice of law, has in his record one prior discipline, a public reprimand delivered in 2013, multiple violations in the present matter, and a pattern of misconduct, both in charging purportedly non-refundable fees and in repeatedly failing to conform to court rules and to obey court orders. We find no mitigating factors present. Therefore, in light of the above misconduct, and a review of past disciplinary precedent (see, e.g., ODC v. Wooten, SCAD-14-1333 (December 11, 2015); ODC v. Baker, No. 26392 (July 24, 2006); ODC v. Wessel, No 23417 (May 23, 2000); ODC v. Dryer, No. 22244, (February 16, 2000)), we conclude that a period of suspension is warranted. Therefore,

4

IT IS HEREBY ORDERED that Respondent Robin Horner is suspended from the practice of law in this jurisdiction for 180 days, effective 30 days from the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH). At the conclusion of the 180-day period of suspension, Respondent Horner may apply for reinstatement, as provided by RSCH Rule 2.17(b)(2). Respondent Horner is reminded he may not resume the practice of law until reinstated by order of this court, pursuant to RSCH Rule 2.17.

IT IS FURTHER ORDERED that Respondent Horner shall submit an affidavit demonstrating compliance with RSCH Rule 2.16(d) within 10 days after the effective date of his suspension.

IT IS FURTHER ORDERED that Respondent Horner shall successfully complete, within 365 days after the date of entry of this order and at his own cost and expense, an audit of his practice by the Practicing Attorneys Liability Management Society (PALMS) or an equivalent program, which shall evaluate, audit, and educate Respondent Horner regarding his practice, particularly as to properly submitting and monitoring court filings and as to the proper receipt, maintenance, and disbursement of client funds under the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust

5

Accounting.  Respondent Horner shall, within that 365-day period, submit to this court proof of completion of the audit, and of compliance with the audit's resulting recommendations, or good cause for an extension.

IT IS FURTHER ORDERED that Respondent Horner shall, within the same 365-day period after the entry date of this order, obtain a passing score on the M.P.R.E. satisfactory to the Hawaiʻi Board of Bar Examiners for new admittees, or good cause for an extension.

IT IS FURTHER ORDERED that Respondent Horner is hereby notified that failure to timely and successfully complete the audit and implementation of its recommendations or to obtain a passing score on the M.P.R.E. may result in the imposition of an additional period of suspension, based upon a review of the record and any program reports.

IT IS FURTHER ORDERED that Respondent Horner shall pay all costs of the proceedings, as approved upon a timely submission of a bill of costs, as authorized by RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, March 30, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



6